UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-61991-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

    Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

    Relief Defendants.
_____/

8 18 mc 209

## SEALED ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S EMERGENCY *EX PARTE* MOTION FOR APPOINTMENT OF RECEIVER

**WHEREAS** Plaintiff Securities and Exchange Commission has filed a motion for the appointment of a Receiver over Relief Defendants Bright Smile Financing, LLC, BRR Block Inc., Digi South, LLC, Ganador Enterprises, LLC, Media Pay LLC, and Pay Now Direct LLC, (collectively, "Relief Defendants") with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, causes in action and any other property of these Relief Defendants; marshal and safeguard all of their assets; and take whatever actions are necessary for the protection of the investors ("Motion for Appointment of Receiver");

1

**WHEREAS**, the Commission has made a sufficient and proper showing in support of the relief requested;

**WHEREAS**, the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of these Relief Defendants, including any properties, assets and other items held in their names or their principals' names, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

The Motion for Appointment of Receiver, ECF No. [6], is **GRANTED IN PART, and DENIED IN PART**, and it is **ORDERED AND ADJUDGED** as follows: **Jon A. Sale, Nelson Mullins Broad and Cassel, 2 South Biscayne Boulevard, One Biscayne Tower, 21st Floor, Miami, Florida 33131, 305-373-9400, jon.sale@nelsonmullins.com** is appointed the Receiver over these Relief Defendants, their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1.  Take immediate possession of all property, assets and estates of every kind of these Relief Defendants, whatsoever and where ever located belonging to or in the possession of these Relief Defendants, including but not limited to all offices maintained by these Relief Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of these Relief Defendants wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of these Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of these Relief Defendants and their investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in Defendant 1 Global Capital LLC, and Relief Defendant 1 West Capital LLC, and these Relief Defendants, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in 1 Global, 1 West, and these Relief Defendants; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3. Present to this Court periodic reports (no less than quarterly) reflecting the existence and value of the assets of these Relief Defendants and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of these Relief Defendants;

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of these Relief Defendants, and exercising the power

granted by this Order, subject to approval by this Court. This includes a management or restructuring company or companies;

5. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6. Defend, compromise or settle legal actions, including the instant proceeding, in which these Relief Defendants or the Receiver are a party, commenced either prior to or subsequent to this Order. The Receiver may also waive any attorney-client or other privilege held by these Relief Defendants;

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of these Relief Defendants and, upon order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9. Have access to and review all mail of these Relief Defendants (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of these Relief Defendants. All mail that is opened by the Receiver and, upon inspection, is determined by the Receiver to be personal or attorney-client privileged, shall be promptly delivered to the addressee and the Receiver shall not retain any copy.

**IT IS FURTHER ORDERED AND ADJUDGED** that, in connection with the appointment of the Receiver provided for above:

10. These Relief Defendants and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of these Relief Defendants shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of these Relief Defendants;

11. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, these Relief Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12. Unless authorized by the Receiver, these Relief Defendants and their principals shall take no action, nor purport to take any action, in the name of or on behalf of these Relief Defendants;

13. The Receiver further is authorized to take depositions, subpoena records, and other discovery. The Relief Defendants and their principals, and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by these Relief Defendants: said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court. The Receiver and his counsel shall file with the Court no less than quarterly an application for reasonable compensation and provide to the Commission and the Court a copy of the Commission's Standard Fund Accounting Report;

15. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, other than the Receiver, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of these Relief Defendants;

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to these Relief Defendants;

17. Title to all property, real or personal, all contracts, rights of action and all books and records of these Relief Defendants and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18. Upon request by the Receiver, any company providing telephone services to these Relief Defendants shall provide a reference of calls from any number presently assigned to these Relief Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to these Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding these Relief Defendants, and to handle future deliveries of the mail of these Relief Defendants as directed by the Receiver;

21. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets of these Relief Defendants to the Receiver's control without the permission of this Court;

22. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by these Relief Defendants or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23. Service of this Order shall be sufficient if made upon these Relief Defendants and their principals by personal service, facsimile or overnight courier;

24. In the event that the Receiver discovers that investor funds received by these Relief Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds; and

25. This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in chambers in Miami, Florida this 23rd day of August, 2018.

*[signature]*

**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Robert Levenson, Esq.
Senior Trial Counsel
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Phone: (305) 982-6341
Fax: (305) 536-4154
Levensonr@sec.gov
*Counsel for Securities and Exchange Commission*

Christopher E. Martin, Esq.
Senior Trial Counsel
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Phone: (305) 982-6386
Fax: (305) 536-4154
martinc@sec.gov
*Counsel for Securities and Exchange Commission*

Jon A. Sale, Esq.
Nelson Mullins Broad and Cassel
2 South Biscayne Boulevard
One Biscayne Tower - 21st Floor
Miami, Florida 33131
Jon.sale@nelsonmullins.com
*Receiver*